UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| SIMIAN PAULK<br>FED. REG. # 40393-050 | CIVIL ACTION NO. 10-1304 |
| | SECTION P |
| VS. | |
| | JUDGE MINALDI |
| JOSEPH P. YOUNG, ET AL | MAGISTRATE JUDGE KAY |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Simian Paulk, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on August 9, 2010.  Doc. 1.  Petitioner is in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institute, Oakdale (FCIO), Oakdale, Louisiana; however, he complains of events that occurred while he was incarcerated at the Federal Correctional Institute, Fort Dix (FCIFD), Fort Dix, New Jersey[1]. *Id*.  Petitioner names FCIO Warden J.P. Young as his respondent  herein.  *Id*.

Petitioner challenges prison disciplinary proceedings that resulted in the forfeiture of good time credits and other sanctions.  Doc. 1, p. 1.  More specifically, he claims that his due process rights were violated in regard to both proceedings and the sanctions imposed therein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH**

---

[1] Jurisdiction must be judged as of the time a petition is filed.  *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001).  Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.  *See id.*; 28 U.S.C. § 2241(d).

**PREJUDICE.**

### *Background*

According to petitioner's original petition, he was served with two incident reports, one on August 12, 2008 and the other on August 13, 2008.  Doc. 1, p. 5-6.  The first charged him with possession of a hazardous tool (a shank).  Doc. 1, p. 5.  The second again charged him with possession of a hazardous tool, namely a SIMM card.  Doc. 1, p. 6.  On August 19, 2008, he was brought before the Unit Disciplinary Committee (UDC).  *Id.*  The UDC only pursued the violation for possession of the SIMM card.  *Id.*  The charged offense was referred to the Disciplinary Hearing Officer (DHO).  *Id.*  On September 17, 2008, petitioner was brought before the DHO.  *Id.*  The DHO found that petitioner did commit the prohibited act of possessing a hazardous tool (the SIMM card).  Among other punishments, he lost forty days of good time credit.  Doc. 1, p. 7.

As a result of the above, petitioner alleged several due process violations.  Doc. 1, p. 7-9. First, he complained that one of the officers that investigated the incident acted as his representative at the DHO hearing.  Doc. 1, p. 7-8.  Next, he stated that he was deprived of the opportunity to present evidence, namely an analysis of the SIMM card to prove that it did not belong to him.  Doc. 1, p. 8.  He then complained that he was set-up and that the DHO did not make an independent attempt to verify the reliability of the informant that allegedly gave the incriminating information.  Doc. 1, p. 9.  Finally, he stated that the relied upon evidence was contaminated as it could have belong to a number of inmates that had access to his belongings. *Id*.

Petitioner appealed his conviction through the local, regional, and national levels.  The regional appeal was denied on November 7, 2008, and the national appeal was denied on

February 13, 2009.  Petitioner filed this petition on August 9, 2010.  Doc 1.

Petitioner's original complaint was deficient in many ways.  Thus, on May 23, 2011, this court issued a memorandum order directing petitioner to amend his petition and provide the court with needed information/documentation.  Doc. 5.  More specifically, he was advised that in order for the court to determine whether: (1) he was provided adequate notice, and (2) there was sufficient evidence of misconduct to support the DHO's presumed finding of guilt, review of the appropriate documents was necessary.  *Id*.  Petitioner was instructed to provide copies of the Incident Reports, the recommendation of the UDC, the Notice of Discipline Hearing, the Inmate Rights at Discipline Hearing, and the BOP's Discipline Hearing Officer Report, with respect to the incident of August 12, 2008, the initial UDC hearing of August 19, 200, and the Disciplinary Hearing of September 17, 2008.  *Id.*  Petitioner was also instructed to amend his petition to provide evidence of his attempts to exhaust the administrative procedures available through the BOP.

Petitioner provided a substantial amount of the requested documentation on June 1, 2011.  Doc.6.

### *Law and Analysis*

Petitioner seeks to have the incident report/charge expunged from his record and the lost good time credits restored.  Federal prisoners have liberty interests in their accumulated good-time credit.  *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir.2000).  Therefore, since petitioner lost good time credits, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445 (1985), governs this review of the contested disciplinary proceeding.

In *Wolff,* the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." 418 U.S. at 555, 556.  Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.*  Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling, and (4) the requirement that upon review, "some evidence" support the ruling.  *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff, supra*, at 556.

In *Hill,* 472 U.S. 445, 457 (1985), the Supreme Court provided guidance regarding the "some evidence" standard of review for federal courts to apply in their assessment of prison disciplinary decisions involving the loss of good conduct time credits.  According to the Court, the requirements of due process are met, and the decision of the prison discipline officer must be upheld, if there is "some evidence" to support the decision.  The process to be used by the reviewing court was further described as follows:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witness, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56 (emphasis supplied).

Once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenges by the petitioner and uphold the finding of the DHO.  *See Id.* at 457.  "The fundamental fairness guaranteed by the Due Process

Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456.

The exhibits provided by petitioner, including the BOP's Discipline Hearing Officer Report and the appeal responses, establish beyond any doubt that petitioner received adequate notice of the alleged violations; that he was afforded the opportunity to present evidence; and that written findings in support of the ruling were provided.   In other words, the exhibits establish that petitioner was afforded all the process he was due under Wolff, *supra*.

Further, the exhibits establish that there was some if not ample evidence of guilt sufficient to satisfy the standard enunciated in Hill, *supra*.[2]  More specifically, the Disciplinary Reports show that petitioner received advanced written notice of the charge on August 13, 2008 and was advised of his rights before the DHO on August 19, 2008.  The Report notes that a staff representative was present as requested by petitioner, that petitioner was read his rights and understood them, and that he did not request witnesses.

In reaching its decision the DHO considered the incident report and investigation, petitioner's statements, and a copy of a cop out.  The Disciplinary Report also stated:

> This decision is based on the greater weight of the evidence provided before me which is documented in the written report provided by the reporting employee.   The employee documented, "On 8/12/08, at approximately 9:15 am I located inmate Paulk in the barber shop and escorted him to the lieutenant's office.  I then conducted a visual search of inmate Paulk in the staff restroom.  Before the search began inmate Paulk stated to me do I have to take my boots off?  I replied yes.  While in the process of the search I found a SIMMS card to a T-Mobil cell phone under the sole insert of the left boot worn by inmate Paulk."

In short, petitioner has not shown that he was deprived of liberty without due process;

---

[2] As provided in *Hill*, *supra*, at pp. 455-56, the Court, in assessing whether "some evidence" supports the disciplinary conviction, is not required to assess the credibility of the witnesses who provided evidence at the DHO

therefore, he has failed to state a claim for which relief may be given and dismissal of his petition on that basis is appropriate.

*Conclusion*

Considering the foregoing, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 19th day of September, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

hearing.